United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Falco Ermert, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23803-Civ-Scola |
| Caribbean Business Inc. and Javier Morzan, Defendants. | ) |

## Order Striking Filing and Granting Extension

    Plaintiff Falco Ermert, in this copyright infringement case, served Defendants Javier Morzan and Caribbean Business Inc. on November 4 and November 9, 2020, respectively. (ECF No. 8, 9.) Neither Defendant timely responded to the complaint. As a result, Ermert filed a motion for the entry of a clerk's default on December 7, 2020. (ECF No. 10.) After the Clerk entered the default (ECF No. 11), the Court entered an order on its default judgment procedures (ECF No. 12.) In that order, the Court warned the Defendants that, if they failed to move to set aside the clerk's default, or otherwise respond to this lawsuit, on or before January 4, 2021, a default final judgment may be entered against them. (Order at 1.) On January 4, Morzan submitted to the Clerk's office what he identifies as a motion to dismiss, in which he asks the Court to "clos[e] th[e] lawsuit against" him. (Morzan's Mot., ECF No. 13, 1.) Because Morzan's submission is improper, the Court **strikes** it (**ECF No. 13**) from the docket.

    As an initial matter, to the extent Morzan seeks to represent Caribbean Business, corporations may not litigate a matter pro se. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–09 (1993); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). In order to appear in this matter, then, Caribbean must be represented by counsel. *Palazzo*, 764 F.2d 1385. This means Morzan, unless he is licensed to practice law, cannot represent Caribbean.

    Next, before Morzan can respond to the complaint, he must first succeed in setting aside the clerk's default. In order to do that, he must present good cause. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court will consider (1) whether the defaulting parties present a meritorious defense; (2) whether the default was culpable or willful; and (3) whether setting it aside would prejudice the

adversary. *Id.* In the meantime, because the clerk's default has not been set aside, Morzan's attempt to have the case against him dismissed is improper.

At the same time, because Morzan has made an effort to finally participate in this case, albeit belatedly, Ermert asks for an extension of the deadline to file his motion for default judgment and notice of joint liability. (Pl.'s Mot., ECF No. 14.) Finding good cause supporting the extension, the Court enlarges the deadline for these filings until January 20, 2021.

As set forth above, the Court **strikes** Morzan's filing (**ECF No. 13**) and therefore **denies** Ermert's motion, **in part**, to the extent he asks that the filing be struck, and **grants** it, **in part**, with respect to the requested extension (**ECF No. 14**).

The Court directs the Clerk to **mail** copies of this order to the defaulted parties, at the addresses indicated below.

**Done and ordered** in Miami, Florida, on January 6, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*
**Javier Morzan**
16558 NE 26th Avenue, Apt. 2C
North Miami Beach, FL 33160

**Caribbean Business, Inc.**
c/o Tax House Corporation, Registered Agent
1100 South Federal Highway
Deerfield Beach, FL 33441